IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Trista Simons, | C/V No.: |
| Plaintiff, | |
| v. | COMPLAINT |
| United Parcel Service, Inc., Nathan Demi (in his official and individual capacity), and Exodus Lorick (in his official and individual capacity), and Kevin Wages (in his official and individual capacity), | |
| Defendants. | |

COMES NOW Plaintiff Trista Simons, by and through her undersigned counsel, and brings the Causes of Action of Race Discrimination pursuant to Title VII of the Civil Rights Act of 1964, Retaliation pursuant to Title VII of the Civil Rights Act of 1964, Breach of Contract, Breach of Contract with Fraudulent Intent, Negligent Supervision, Civil Conspiracy, and Intentional Infliction of Emotional Distress against Defendants United Parcel Service, Inc., Nathan Demi, and Exodus Lorick, as follows:

ADMINISTRATIVE CHARGE

1. Plaintiff has exhausted all administrative remedies and prerequisites to filing this lawsuit, including timeliness, deferral, and all other jurisdictional requirements necessary for the maintenance of this Action, as described below:

   a. Plaintiff timely filed a Charge with the Equal Employment Opportunity Commission ("EEOC") on April 18, 2023.

   b. Plaintiff received her Notice of Right to Sue from the EEOC on May 10, 2023.

1

    c. Plaintiff has timely filed this Action within ninety (90) days of receiving her Notice of Right to Sue as described in Paragraph 1(b).

## JURISDICTION AND VENUE

2. The Court has jurisdiction over this action pursuant to 28 U.S.C. Sections 1331 and 1343 and 42 U.S.C. Section 2000e (5), this being a proceeding to enforce rights and remedies secured under 42 U.S.C. Section 2000(e) et. seq. (Title VII of the Civil Rights Act of 1964 ("Title VII")) and other Federal statutes. This Court also has pendant and supplementary jurisdiction over so much of this action as is based on State law.

3. Venue is proper in the Columbia Division, because the Causes of Action arose therein, the acts and practices complained of occurred there, and it is where Defendant does business and may be found.

## PARTIES

4. Plaintiff Trista Simons is a citizen of the State of South Carolina and resides in Richland County.

5. Defendant United Parcel Service, Inc. ("UPS") is a corporation having officers or agents in the State of South Carolina, and conducting business in Richland County, South Carolina. Defendant is incorporated in and exists under the laws of the State of Ohio.

6. Upon information and belief, Defendant Nathan Demi is a citizen of the State of South Carolina and a resident of Richland County.

7. Upon information and belief, Defendant Exodus Lorick is a citizen of the State of South Carolina and a resident of Richland County.

## FACTS

8. Plaintiff Trista Simons is an African-American female and worked for Defendant from 2017 until her forced resignation in June 0f 2023.

9. Plaintiff worked and was employed as an OMS Supervisor.

10. Plaintiff performed her job diligently and to the best of her ability at all times.

11. Plaintiff was supervised by Nathan Demi (WM) and Exodus Lorick (WM).

12. In or around March 2023, Plaintiff was told by Mr. Demi (WM) that a new procedure would be implemented regarding packages. This procedure involved "scanning in" packages which the employee did not have. Plaintiff was informed this would help the team's numbers.

13. Upon information and belief, two years prior to the introduction of this new procedure, Plaintiff attended a training workshop for Defendant, during which it was explained by Mr. Lorick (WM) that this practice violates the UPS Code of Ethics.

14. Plaintiff, unsure of what to do regarding the new procedure, reached out to her supervisors regarding the new policy, but received no response.

15. Later, Plaintiff received an email originally from her supervisor, Mr. Demi (WM) to Mr. Lorick (WM) responded, and forwarded the email to another supervisor, Kevin Wages (WM).

16. Upon information and belief, this email specifically referenced Plaintiff's earlier contact with her supervisors, and informed Mr. Lorick to write Plaintiff up "so they could get rid of her." This email was forwarded to the Defendant's agents, including management, and fellow colleagues, from Kevin Wages (WM).

17. Plaintiff believes she was sent this email intentionally, as an intimidation tactic by Mr. Demi, Mr. Lorick, and Mr. Wages.

18. Upon information and belief, Mr. Demi (WM) and Mr. Lorick (WM) continued to harass Plaintiff, calling her work into question, and scrutinizing her to the exclusion of other white employees.

19. Plaintiff thereafter reported this to Defendant's ethics hotline, explaining that she felt targeted by her supervisors, and this report was sent to Mr. Barbanas (BM) the new center manager, but nothing was done.

20. Shortly thereafter, Plaintiff was informed by Mr. Demi (WM) that employees now needed to put comments on their timesheets. She went to Mr. Demi for clarification, as this had never been required before.

21. Plaintiff believes this new policy was a further attempt at harassment by her supervisors, however, Plaintiff sought to comply and continued to perform her job diligently.

22. Upon information and belief, Mr. Demi (WM) told her to just write "anything," and on her April 7th, 2023 timesheet, Plaintiff put down a reference to the biblical book of Proverbs.

23. That same day, Mr. Demi (WM) logged into the company system and edited Plaintiff's timesheet to include a reference to 1 Peter 2:18, which states: "Slaves, accept the authority of your masters with all deference, not only those who are kind and gentle but also those who are harsh." (NRSV). Another comment referencing Hebrews 13:17 was also added by Mr Demi (WM), which states,

24. On April 10, 2023, Plaintiff logged into the company system and saw these comments, and immediately informed Mr. Barbanas of the comments, again stating she felt targeted on the basis of her race due to these overtly offensive and racial comments.

25. On April 11, 2023, Mr. Barbabas issued an apology to Plaintiff, but the harassment continued.

26. Plaintiff, on April 18, 2023, filed her charge with the EEOC, and thereafter received continued harassment, micromanaging, and surveillance from Mr. Demi and her supervisors; Plaintiff was routinely asked where she was, or what she was doing, to the exclusion of her coworkers.

27. Plaintiff, unable to endure the hostile work environment created by Mr. Demi (WM), Mr. Lorick (WM), and other management, was forced to resign her position on June 28, 2023.

28. Plaintiff believes the actions of Mr. Demi and Mr. Lorick were not only discriminatory, but in direct retaliation for her protected activity of filing a workplace ethics complaint and EEOC charge.

## FIRST CAUSE OF ACTION
*Title VII Race Discrimination/Racially Hostile Work Environment*

29. Plaintiff reiterates each and every allegation in the previous paragraphs as if set forth verbatim herein.

30. Plaintiff asserts that the preferential treatment, harassment and termination were a mere pretext for the discrimination against Plaintiff based on her race.

31. Defendant was wanton, reckless, and intentional in its discrimination against the Plaintiff in changing the terms and conditions of her employment based upon her race.

32. In failing to protect Plaintiff from race discrimination, preferential treatment or harassment, the Defendant acted with malice or reckless indifference to the federally protected rights set out under Title VII of Civil Rights Act of 1964, as amended.

33. Defendant violated Title VII of Civil Rights act of 1964, by allowing the race discrimination, preferential treatment and harassment to exist in the workplace.

34. The Defendant's wrongful actions as set forth aforesaid constituted a hostile work environment for the Plaintiff. Defendant violated Title VII of the Civil Rights Act of 1964, as amended, by allowing a hostile work environment to exist regarding race discrimination in the workplace.

35. The aforesaid conduct of Defendant, its agents, and servants, violates laws against harassment and was, in fact, harassment in nature and in violation of Title VII of Civil Rights Act of 1964, as amended.

36. As a direct and proximate result of Defendant's discrimination on the basis of race, Plaintiff has suffered a loss of wages, benefits, and employment opportunities.

37. Defendant's employment discrimination of Plaintiff has caused, continues to cause, and will cause Plaintiff to suffer substantial damages for pecuniary losses, embarrassment, humiliation, pain and suffering, mental anguish, loss of enjoyment of life, and other nonpecuniary losses.

38. Plaintiff is entitled to injunctive relief and/or civil damages from Defendant as a result of the employment discrimination as alleged above.

39. Due to that acts of Defendant, its agents and employees, Plaintiff is entitled to injunctive relief and/or civil damages, back wages, plus interest, payment for lost benefits, and reinstatement of benefits and front pay.

SECOND CAUSE OF ACTION
*Title VII Retaliation*

40. Plaintiff reiterates each and every allegation in the previous paragraphs as if set forth verbatim herein.

41. Plaintiff repeatedly objected to and protested the violations of her federally protected rights within the Defendant's administrative structure and later, to the Equal Employment Opportunity Commission.

42. After Plaintiff sought to seek relief from Defendant's discriminatory practices, to include but not limited to consulting with upper management through the chain-of-command, Defendant retaliated against her by a continuance of harassment and by not addressing her complaints.

43. Accordingly, Plaintiff is entitled to compensatory and punitive damages in the nature of the value of her lost wages and benefits, front pay, together with interest thereon, as well as liquidated damages, and her reasonable attorney's fees for the bringing of this action.

### THIRD CAUSE OF ACTION
*Breach of Contract*

44. Plaintiff reiterates each and every allegation in the previous paragraphs as if set forth verbatim herein.

45. Plaintiff and Defendant entered into a binding and valid contract whereby Defendant offered Plaintiff employment. Plaintiff accepted the offer of employment and agreed to fulfill the duties of her position in exchange for valuable consideration, her salary, as well as Defendant's guarantees that she would be protected from discrimination and other illegal acts.

46. Defendant maintains an employment handbook and its own policies and procedures.

47. At all times during the course of her employment, Plaintiff relied on the promises contained in Defendant's handbook, policies and procedures, and governing documents.

48. Defendant breached its employment contract with Plaintiff and its own policies and procedures by failing to protect Plaintiff from the actions of Mr. Demi and Mr. Lorick, to include retaliation on the basis of Plaintiff's protected complaints.

49. Defendant's conduct, by and through its agents, was done in bad faith and breached the implied covenant of good faith and fair dealings that is implied in the employment contract.

50. As a result of Defendants' breach of contract, Plaintiff has suffered actual, compensatory, physical, mental, emotional and consequential damages stemming from the breach and other such damages as are allowable by law.

## FOURTH CAUSE OF ACTION
*Breach of Contract with Fraudulent Intent*

51. Plaintiff reiterates each and every allegation contained in the preceding paragraphs as if set forth verbatim herein.

52. Defendants, by and through their agents, have failed to fulfill their obligation under their own written policies, including the above-referenced employment handbook and other policies of Defendants, which together with their promissory and mandatory terms, form a contract with Plaintiff beyond the at-will employment relationship.

53. Defendants, by and through their agents, have breached the terms thereof by reason of an intentional design on its part to defraud Plaintiff.

54. In furtherance of such intentional design, Defendants, through their agents, intentionally and maliciously subjected Plaintiff to racial discrimination and a racially hostile work environment, ifnoring Plaintiff's protected complaints, and failing to protect Plaintiff from discrimination in accordance with their own policies and procedures.

55. Defendants assured Plaintiff that she would not be subjected to a racially hostile work environment, and other policy violations which Defendants continuously meted out to Plaintiff, and that her protected complaints under Defendants' policies would be fully and fairly investigated.

56. It became readily apparent to Plaintiff that Defendants' false reassurances were fraudulent as Defendants' continual violations of and failure to investigate their own policies demonstrated.

57. Defendants' conduct, by and through their agents, was done in bad faith and breached the implied covenant of good faith and fair dealings that is implied in the employment contract.

58. As a result of Defendants' exposure of Plaintiff to Defendants' fraudulent breaches of contract, Plaintiff has suffered damages in the form of actual, compensatory, consequential, physical, mental, emotional, and other damages. Plaintiff also believes that a reasonable amount of punitive damages should be levied against Defendants on account of their unlawful treatment of Plaintiff and fraudulent contractual breaches.

FIFTH CAUSE OF ACTION
*Negligent Supervision*

59. Plaintiff reiterates each and every allegation in the previous paragraphs as if set forth verbatim herein.

60. Defendant USPS failed to use due care in supervising its employees, specifically Nathan Demi and Exodus Lorick.

61. Mr. Demi and Mr. Lorick were permitted to misuse their supervisory authority over Plaintiff to target Plaintiff for her protected complaints.

62. By failing to appropriately supervise either Mr. Demi or Mr. Lorick, Defendant permitted both to racially harass and intimidate Plaintiff, and ultimately force Plaintiff to resign.

63. Defendant knew or should have known that Mr. Demi's and Mr. Lorick's repeated targeting of Plaintiff demonstrated her propensity, proclivity, or course of conduct sufficient to put the employer on notice of the possible danger to Plaintiff and her employment.

64. Plaintiff's wrongful constructive termination has a sufficient nexus to Mr. Demi's and Mr. Lorick's misconduct in targeting Plaintiff with repeated harassment and retaliation because the same actor targeted the same victim for the same ultimate purpose: to manufacture support of her objective—to discriminate against Plaintiff.

65. Accordingly, due to the acts of Defendant and its agents, Plaintiff is entitled to injunctive relief and civil damages, back wages plus interest, and payment for lost wages. Plaintiff is further entitled to actual and compensatory damages in the value and nature of her lost wages, benefits and front pay, with interest applied thereupon, in addition to any liquidated damages, reasonable attorneys' fees and the costs of bringing this action.

SIXTH CAUSE OF ACTION
*Civil Conspiracy as to Defendants Demi and Lorick*

66. Plaintiff reiterates each and every allegation contained in the preceding paragraphs as if set forth verbatim herein.

67. Defendant Nathan Demi exceeded the scope of his by employment abusing his supervisory capacity to cause injury to the plaintiff. This injury was both foreseeable and preventable had the Defendant adequately supervised Defendant Demi.

68. Defendant Demi enlisted the help of Defendant Exodus Lorick to manufacture pretextual justification to constructively terminate Plaintiff and force Plaintiff to resign.

69. Defendant Loriock's assistance, through his additional, intentional harassment of Plaintiff furthered the conspiracy.

70. The natural consequence of Defendant Demi's and Defendant Lorick's combined actions caused special damages to Plaintiff apart from any other damages pleaded herein. Specifically, the acts in furtherance of this conspiracy as alleged have and will continue to cause Plaintiff special damages for pecuniary losses, embarrassment, humiliation, pain and suffering, mental anguish, loss of enjoyment of life, and further non-pecuniary losses.

71. Accordingly, due to the acts of Defendant and its agents, Plaintiff is entitled to injunctive relief and civil damages from Defendants Demi and Lorick.

72. Plaintiff is further entitled to injunctive relief and/or civil damages, renumeration for lost wages and benefits, reinstatement of benefits, and front pay.

SEVENTH CAUSE OF ACTION
*Intentional Infliction of Emotional Distress as to Defendants Demi, Lorick, and Wages*

73. Plaintiff reiterates each and every allegation contained in the preceding paragraphs as if set forth verbatim herein.

74. As stated more fully above, Defendants Demi and Lorick intentionally failed to respond to Plaintiff after she told them of her racial targeting at work. Rather than coming to Plaintiff's aid, the individual Defendants escalated their harassment and job duties, along with threats against Plaintiff, by continuing to harass Plaintiff, along with Defendant Wages, until Plaintiff was compelled to resign.

75. Accordingly, due to the acts of Defendants, Plaintiff is entitled to injunctive relief and civil damages from Defendants Demi, Lorick, and Wages.

76. Plaintiff is further entitled to injunctive relief and/or civil damages, to include medical expenses.

11

## JURY TRIAL REQUESTED

77. Plaintiff requests a jury trial.

## PRAYER FOR RELEIF

78. WHEREFORE, Plaintiff prays that this Honorable Court declares that Defendant's actions complained of herein violated the rights guaranteed to Plaintiff and issue its judgment:

    a. Declaring the actions complained of herein illegal.

    b. Issuing an injunction enjoining the Defendants, their agents, employees, successors, attorneys and those acting in concert or participation with the Defendants, and at their direction from engaging in the unlawful practices set forth herein and any other employment practices shown to be in violation of 42 USC § 2000(e) et. seq. (race discrimination / racially hostile work environment / retaliation), breach of contract, breach of contract with fraudulent intent, negligent supervision, civil conspiracy, and intentional infliction of emotional distress, and the common laws of the State of South Carolina.

    c. Awarding Plaintiff compensatory and punitive damages for each Cause of Action contained herein as appropriate, which the jury should find appropriate as a result of the Defendants' unlawful discriminatory actions taken as the result of Plaintiff's race and other pled causes of action; including mental anguish, pain and suffering, harm to Plaintiff's economic opportunities, any back pay, front pay and future earnings with cost of living adjustments, prejudgment interest, fringe benefits, and retirement benefits;

    d. Awarding Plaintiff her costs and expenses in this action, including reasonable attorney fees, and other litigation expenses; and

e. Granting such other and further relief as may be just and necessary to afford complete relief to the Plaintiff as this Court may deem just and proper.

Respectfully Submitted,

__s/Donald Gist_____
Donald Gist, Esq. Fed. ID# 7178
Erica McCrea, Esq. Fed. ID# 13493
**GIST LAW FIRM, P.A.**
4400 North Main Street (29203)
Post Office Box 30007
Columbia, South Carolina 29230
Tel. (803) 771-8007
Fax (803) 771-0063
Email: dtommygist@yahoo.com
ericamccrea.gistlawfirm@gmail.com

August 7, 2023

13